IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DELORIS PHILLIPS,** ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:11-CV-2861-B-BH |
| ) | |
| **UNITED PARCEL SERVICE, INC.,** ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the complaint should be **DISMISSED** with prejudice.

**I. BACKGROUND**

Plaintiff Deloris Phillips (Plaintiff) first sued her employer, United Parcel Service (Defendant), on April 10, 2007, alleging sex discrimination, sexual harassment, and retaliation under Title VII of the Civil Rights Act of 1964 (Title VII), conspiracy to deprive her of her rights, defamation, and intentional infliction of emotional distress. (*See* 3:07-CV-617-P, docs. 1, 44.) She claimed that in March and April of 2006, her manager refused to give her work for a few days, called her "dumb" or "dummy", and made a comment alluding to her failure to perform sexual favors to advance at work. (*Id.*) She later amended her complaint, reasserting her Title VII and defamation claims, adding a claim for hostile work environment, and dropping her conspiracy and intentional infliction claims. (*See id.* at doc. 39.) All of her claims were dismissed with prejudice on September 5, 2007. (*See id.* at docs. 44, 45.)

On June 16, 2010, Plaintiff again filed suit against Defendant. (*See* No. 3:10-CV-1197-G at doc. 1.) In her original and amended complaints, she asserted claims of retaliation, racial harassment, and racial discrimination under Title VII, 42 U.S.C. § 1981, and the Texas Commission on

Human Rights Act (TCHRA); deprivation of dignity; defamation; intentional and negligent infliction of emotional distress; conspiracy under 18 U.S.C. § 241; violation of the Fourteenth Amendment of the United States Constitution; gender discrimination and harassment under Title VII and Title IX of the of the Education Amendments of 1972 (Title IX); age discrimination under the Age Discrimination in Employment Act (ADEA); wrongful termination; deprivation of rights under 18 U.S.C. § 242, malicious deprivation of dignity and liberty under 42 U.S.C. § 1983; and conspiracy to deprive her of her rights under 42 U.S.C. § 1985. (*See id.* at docs. 1, 9, 34, 61, 83, 133.) [1]

Plaintiff claimed that Defendant moved her around to different centers in 2006, she was on medical leave from March 31, 2006 through March 31, 2009, Defendant wrongfully terminated her in January 2008, she disputed the discharge, and Defendant retaliated against her when she returned to work in 2009 because of her prior lawsuit. *Id.* at doc. 133. Upon her return, Defendant sent her to a company doctor who wrongfully diagnosed her as being bipolar, it temporarily disqualified her from driving based on the wrongful diagnosis, and it defamed and shamed her by divulging private medical information about the diagnosis and instructing her co-workers to stay away from her. *Id.* Defendant also caused her computer to malfunction, tried to force her to go home while allowing less senior drivers to work, placed her in the hub to clean package cars and change their oil and anti-freeze, failed to place her in a semi-permanent position, refused her a timecard or clock-in number and made her manually record her hours, made her work an unusual shift and once denied her lunch until 5:45 p.m., assigned her numerous temporary positions until she returned to her driving position, approached her with falsified documents, sent her a warning letter, targeted her with a "light" conspiracy whereby co-workers would flash their car lights at her, subjected her to allegedly

---

[1] Plaintiff's answers to court questionnaires and supporting documents constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

discriminatory conduct by supervisors, failed to deliver the items she had ordered from the company catalog, created a "Funky Monkey" cap sold in the catalog in order to mock minorities, and unjustly terminated her on October 1, 2010.[2] *Id.* On July 8, 2011, Plaintiff's claims for gender-based discrimination and harassment under Title VII and age-based discrimination under the ADEA were dismissed without prejudice for failure to exhaust administrative remedies, and her remaining claims were dismissed with prejudice for failure to state a claim upon which relief can be granted. (*See id.* at docs. 120, 133, 134.)

Contending that she has now exhausted her administrative remedies by timely filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on July 27, 2011, Plaintiff again sues Defendant for gender discrimination and harassment under Title VII and age discrimination under the ADEA, as well as "intentional, negligent, and personal, and dignitory [sic] tort, in violation of Texas laws, by having [her] blacklisted" under Tex. Civ. Stat. Ann. 5196(1) & (4) and Tex. Lab. Code § 52.031. (*See* doc. 1 at 2, 7; doc. 27 at 1-4.) She also appears to reassert the claims she raised in her two prior cases, and to rely on the same facts alleged in those cases. (*See id.* at 3-4; doc. 27 at 12-21.). No service of process has been issued.

## II. PRELIMINARY SCREENING

Because Plaintiff has been granted permission to proceed *in forma pauperis*, her complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). It provides for *sua sponte* dismissal if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted." A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when

---

[2] In the EEOC intake questionnaire, she stated that she was terminated in September 2009.

3

it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. Courts follow the same analysis in determining whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) as when ruling on a motion to dismiss under Rule 12(b)(6). *Fierro v. Knight Transp.*, EP-12-CV-218-DCG, 2012 WL 4321304 (W.D.Tex. Sept. 18, 2011), slip copy (citing *Hale v. King*, 642 F.3d 492, 497 (5th Cir.2011) ( *per curiam* )). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### III. PRIOR CLAIMS

Plaintiff contends that she is "'re-alleging' and reiterating" her claims in her prior actions, 3:10-CV-1197-G and 3:07-CV-617-P. (*See* docs. 1, 27). She also appears to be reasserting the "deprivation of dignity" claim which she raised in her 2010 suit in particular. *Id.*

Courts may appropriately dismiss an *in forma pauperis* action as frivolous when it "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989). The Fifth Circuit "has held that it is malicious for a pauper to file successive IFP suits that duplicate claims made in other pending or previous lawsuits." *Humphrey v. Luna*, 59 F.3d 1242, 1242 (5th Cir. 1995) (per curiam) (Table; text on Westlaw) (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (pending lawsuits); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (previous lawsuits)).

To the extent that Plaintiff is attempting to re-litigate all of her prior unsuccessful claims in her prior cases in this lawsuit, those claims are subject to dismissal as both frivolous under *Wilson*

and 28 U.S.C. § 1915(e)(2)(B) and malicious.

## IV.  REMAINING CLAIMS

A. **Age and Gender Discrimination and Harassment claims**

Plaintiff claims that she has now timely exhausted her administrative remedies for the gender-based discrimination and harassment claims under Title VII, and her age-based discrimination claim under the ADEA, that were dismissed in her last lawsuit for failure to exhaust administrative remedies.  She reasserts those claims and relies on the same underlying facts as her claims in 3:10-CV-1197-G.

Title VII makes it unlawful for employers to discriminate against individuals with respect to their "compensation, terms, conditions, or privileges of employment, because of [their] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).  The ADEA similarly makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Generally, a plaintiff must establish a prima facie case of discrimination by showing that she (1) is a member of a protected group, (2) was qualified for the position at issue, (3) suffered an adverse employment action, and (4) was treated less favorably than other similarly situated employees outside the protected group. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).  A plaintiff must establish a prima facie case of harassment or hostile work environment by showing that (1) she is a member of a protected group, (2) she was subjected to unwelcome harassment, (3) the harassment was based on a protected characteristic, and (4) the harassment affected a term, condition, or privilege of employment. *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 353 (5th Cir.

5

2001); *Parker v. State of La. Dep't of Educ. Special Sch. Dist.*, 323 F. App'x 321, 325 (5th Cir. 2009).

While a plaintiff need not plead a prima facie case of discrimination in her complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002), the prima facie elements are not entirely irrelevant, and no plaintiff is exempt from her obligation to allege sufficient facts to state all the elements of her claim, *Puente v. Ridge*, 324 F. App'x 423, 428 (5th Cir. 2009). To sufficiently plead a harassment claim, the allegedly harassing behavior must be severe or pervasive enough to create a hostile work environment. *Puente*, 324 F. App'x at 426 n.3. The ordinary rules for assessing the sufficiency of a complaint apply. *Swierkiewicz*, 534 U.S. at 511. Alleged facts must be sufficient to at least create an inference that the plaintiff was discriminated against because of a protected characteristic. *Jordan v. Alternative Resources Corp.*, 458 F.3d 332, 346 (4th Cir. 2006). When a plaintiff sets out facts that do "not seem to have anything to do with" discrimination based on a protected characteristic, the claim is properly dismissed for failure to state a claim. *Id.*

Despite her voluminous filings in this case reiterating her factual allegations from her prior lawsuit, (*see* No. 3:10-CV-1197-G at doc. 120, pp. 7-12), Plaintiff's gender and age claims in this case suffer from the same deficiency as her racial discrimination and harassment claims in her prior lawsuit. She alleges in a conclusory manner that Defendant discriminated against and harassed her on the basis of her gender and age, but she provides no facts to connect her gender or age to any of the actions of which she complains. Without sufficient factual allegations to support her claims, Plaintiff fails to state a claim of discrimination or harassment under Title VII or the ADEA, and these claims should be dismissed with prejudice for failure to state a claim.

**B.**     **Blacklisting**

Plaintiff appears to also allege a new claim for blacklisting under TEX. LAB. CODE § 52.031 and Tex. Rev. Civ. Stat. Ann. Art. 5196(1) & (4). (*See* doc. 1 at 2.)

The Texas Labor Code defines "blacklisting" as the publication of the name of an employee who was discharged or who voluntarily left with the intent "to prevent the employee from engaging in or securing employment of any kind with any other person, in either a public or a private capacity." TEX. LAB. CODE ANN. § 52.031(a)(Vernon 2006). A person commits an offense under this provision if the person either blacklists the employee or conspires to prevent a discharged employee from procuring employment. *Id.* at § 52.031(b). An offense is punishable by a fine ranging from $50 to $250, imprisonment for a period ranging from 30 and 90 days, or both fine and imprisonment. *Id*. at § 52.031(c). No Texas court has decided whether TEX. LAB. CODE § 52.031 provides for a private cause of action, so it is unclear whether a private individual such as Plaintiff can sue under the statute. *See Brim v. Exxon Mobile Pipeline Co.*, 213 Fed. App'x 303, 305 (5th Cir. 2007). Even assuming for purposes of this case that a private cause of action exists, Plaintiff has not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Paragraph (1) of Article 5196 similarly provides that a corporation discriminates against a former employee when it directly or indirectly blacklists, prevents, or attempts to prevent that former employee by obtaining new employment,

> except by truthfully stating in writing, on request of such former employee or other persons to whom such former employee has applied for employment, the reason why such employee was discharged, and why his relationship to such company ceased.

Tex. Rev. Civ. Stat. Ann. 5196. The only state court to address the issue has concluded that Article

7

5196(1) does not confer a private cause of action. *See CRSS Inc. v. Runion*, 992 S.W.2d 1 (Tex.App.–Houston [1st Dist.]1995, no writ), *modified on reh'g on other grounds,* 1997 WL 214840 (Tex.App.-Houston [1st Dist.] May 1, 1997, pet. denied) (not designated for publication). Even so, Plaintiff has provided no facts to support any cause of action.

Finally, paragraph (4) of Article 5196 provides that a corporation that receives a request, notice or communication attempting to prevent a person seeking employment from obtaining employment with that corporation, it must provide that person with the request, notice or communication and the name and address of its provider within ten days upon written demand. No case appears to have addressed this specific paragraph of Article 5196, or whether it provides a private cause of action. Nevertheless, Plaintiff has provided no facts to support any claim under this paragraph.

To the extent that Plaintiff is asserting a new claim for blacklisting, this claim should also be dismissed with prejudice for failure to state a claim.

## V. RECOMMENDATION

Pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff's claims from her prior lawsuits should be **DISMISSED** with prejudice as frivolous and malicious, and her gender and age discrimination, harassment and blacklisting claims should be **DISMISSED** with prejudice for failure to state a claim.

**SIGNED** this 2nd day of October, 2012.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

8

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE